### IRVING et al. v. ROYAL EXCH. ASSURANCE OF LONDON.

(Supreme Court, Appellate Division, First Department.   November 22, 1907.)

DEPOSITIONS—COMMISSIONS—INTERROGATORIES.

Where, in an action on a contract made by a corporation through an alleged agent, the issue is the authority of the agent, plaintiff may annex to a commission to take the testimony of officers and employés of the corporation interrogatories as to the authority of the agent, etc., and may annex to a commission to take testimony of a witness an interrogatory calling on the witness to state whether any statement was made that a contract had been made between the corporation and plaintiffs.

Appeal from Special Term, New York County.

Action by Alexander D. Irving and others against the Royal Exchange Assurance of London.   From an order settling interrogatories annexed to a commission, both parties appeal.   Reversed on plaintiffs' appeal, and affirmed on defendant's appeal.

This is an action for breach of contract made between plaintiffs and defendant, a foreign corporation.   It was claimed that the contract was made in behalf of defendant by its agent.   Plaintiffs sought, through depositions of defendant's officers and employés and a witness in a foreign country, to prove the authority of the agent to make the contract.   Plaintiffs proposed the following interrogatories:

Interrogatory 3: "If you state that you have been connected officially with the defendant, the Royal Exchange Assurance Company of London, please state fully in what capacity, and for what length of time, and what duties and powers you have performed and exercised as such officer, and whether you have stated all such duties and powers performed or exercised."

Interrogatory 4: "Please state how you became such officer, whether by election or by appointment, and if the duties to be performed and the powers to be exercised by you as such officer were defined either by a by-law, or a resolution of the board of directors, or trustees, or other managers, howsoever called, or an instrument of appointment, or by any other writing.   Please annex to your testimony a copy of each and every such by-law, resolution, instrument, or other writing, and state whether you have done this."

Interrogatory 5: "If you say that there was no such writing of any kind, or if it did not fully and completely fix and define all the duties and powers which you have ever in fact exercised, please state whether any other duties to be performed, and any other powers to be exercised, by you as such officer, were defined in any way, and, if so, in what other way and what such other duties and powers were, and, if in whole or in part by oral instructions from any one else, state from whom, and what those instructions were."

Interrogatory 6: "State what, if any, duties have ever been performed or powers exercised by you, and when, prior to February, 1905, without either written or oral previous instructions or authority, and what the company ever did, and how, in respect to such exercise of power by you, in any instances, in which it did anything."

Interrogatory 7: "Were you aware of a visit made by Mr. Edward B. Hiles to the city of New York, U. S. A., about the end of the year 1904, with reference to the affairs of the defendant company, in that city, or in the United States?   And, if so, state what authority or instructions were given to Mr. Hiles, either before or after he sailed, by whom, and in what form—whether by resolution of the board of directors, or trustees, or managers of the de-

fendant company, or by a written power of attorney, or in the form of a letter, cable message, or any other written form; and annex to your testimony a copy of each and every such resolution, power of attorney, letter, cable message, or other writing, and state whether you have done this."

Interrogatory 8: "If you state that there was no writing declaring Mr. Hiles' authority, and defining or directing his conduct of the affairs of the defendant company while in New York upon this visit, state what oral instructions or authority, if any, so far as you know, were given to him upon this subject, and when and by whom."

Interrogatory 9: "State whether a written power of attorney, or any other instrument, or a letter or letters, or cable message or messages, or any other writing or writings, with reference to Mr. Hiles' action and conduct of the affairs of the company while in New York upon this visit was or was not received from or sent to him, after he sailed, and, if so, by whom, and by whose directions, and what such directions were, and annex a copy of each and every such instrument or writing, and state whether you have done this."

Interrogatory 10: "State whether the constitution or by-laws or other documents of the defendant company refer in any way to the subject of the appointment and removal of agents of the defendant company outside of England, and annex to your testimony a copy of any such constitution, or by-laws, or other documents, so far as they relate to that subject, and state whether you have done this."

Interrogatory 11: "State the usual course of business of the defendant company with respect to the appointment and removal of agents outside of England; that is, who has the supervision of such agents, who appoints or removes them, and in what way this has commonly been done during the five years preceding July, 1905, and what, if any, action with respect to such removal or appointment has been usually, or ever, taken by the board of directors or trustees, or other managers, howsoever called, of the defendant company."

Interrogatory 12: "If, in any instances of the removal or the appointment of agents outside of England during the five years preceding July, 1905, any action whatever by the board of directors, or trustees, or other managers, howsoever called, with respect to such appointment or removal, appears by the minutes of their meetings, or other entries, to have been taken, please annex to your testimony a true and complete extract of any such minutes, or other entries; that is, with respect to such appointment or removal, unless such minutes or entries are always in the same form, in which case annex to your testimony a copy of some one extract showing that form."

Interrogatory 13: "If you say that there are no such instances to be found, during that period, in the minutes of the meetings of the directors of the defendant company, or other entries of their proceedings, state whether during the five years preceding July, 1905, agents of the defendant company outside of England have been appointed or removed, and, if so, how many, and by whom, and when and how this was done. If there are any writings of any character authorizing or directing such appointment or removal to be made, annex true copies of the same to your testimony, stating who wrote them, and by whose directions, and what such directions were, and state whether you have done this."

Interrogatory 14: "If in response to the last interrogatory you annex any writings, state whether similar, and, if not similar, whether any, writings exist in the case of each such removal or appointment (during that period), or whether there have been some, and, if so, how many, cases of such removal or appointment in connection with which there have been no writings authorizing or directing the same, and by whom in these latter instances each such appointment or removal has been actually made, and how it has been made, and what action, if any, and how, has afterwards been taken by the company with respect to each such removal or appointment."

Interrogatory 15: "State who was actually appointed, in the early part of the year 1905, to be the agent of the defendant company for the metropolitan district of New York, and when and how this appointment was made, and when the question of appointing him to be such agent first came up, and by whom it was introduced, and annex hereto copies of any and all instruments, letters, cable messages, or other writings to or by the defendant company,

or to or by any of its officers, or to or by any other person, on this subject, stating whether copies of all such letters and writings have been so annexed."

Interrogatory 16: "State whether the person so appointed was or was not related to or connected with some one or more of the directors, or of the principal officers of the defendant company, or of its trustees, and, if so, which, and how related or connected, and when and by whom an application for his appointment, or any suggestion of his name, was made, and, if in writing, annex a copy of each and every such application or suggestion, and of any reply thereto, and of any and all written communications between the company, or any of its officers, and any one else, upon this subject, and state whether you have done this."

Plaintiff proposed the following interrogatory to witness H. B. Guernsey:

Interrogatory 4: "State whether anything, and, if so, what, was said in any such conversation to the effect that a contract had been made by any one, and, if so, by whom, with Mr. Irving and others, and, if so, with what others, to become the agents of the defendant company, and also by whom and in whose presence any such statement was made, and what response, if any, was made by any one, and by whom, to the statement. State fully everything that was said by any one, and by whom, in any such conversation."

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, HOUGHTON, and SCOTT, JJ.

George A. Strong, for plaintiffs.
Frederick B. Campbell, for defendant.

PER CURIAM. The order appealed from must be reversed, in so far as appealed from by plaintiff, and the seventh, eighth, and ninth interrogatories to be addressed to Sir Neville Lubbock, William N. Whymper, and E. H. Britton allowed and settled as originally proposed by plaintiffs.

The order must be affirmed, in so far as appealed from by defendant, and the third, fourth, fifth, sixth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, and sixteenth interrogatories proposed to be propounded to the above-named witnesses, and the fourth interrogatory to be addressed to the witness H. B. Guernsey allowed and settled, with $10 costs and disbursements to the plaintiffs, appellants.